66 F.3d 325
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles Duane FINCH, Petitioner-Appellant,
v.
Richard JOHNSON, Respondent-Appellee.
 Nos. 95-1172, 95-1241.
 United States Court of Appeals, Sixth Circuit.
 Sept. 21, 1995.
 
 Before: WELLFORD, MILBURN and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Charles Duane Finch, a Michigan state prisoner, appeals pro se the denial of his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Finch was convicted by a jury in 1977 of first degree premeditated murder, first degree felony murder, and conspiracy to commit first degree murder. He was sentenced to mandatory life imprisonment. One of his murder convictions was vacated on direct appeal on double jeopardy grounds. The remaining convictions were affirmed, and Finch was denied post-conviction relief by the state courts. He then filed this habeas action, raising claims that: 1) an erroneous definition of malice was given in the jury instructions, 2) he was denied an instruction on conspiracy to commit armed robbery as a lesser included offense of conspiracy to commit first degree murder, 3) the prosecutor questioned him regarding his post-arrest silence, 4) the evidence was insufficient to support his conviction, and 5) he received ineffective assistance of trial and appellate counsel. The district court denied the petition.
 
 
 3
 Upon review, we conclude that Finch procedurally defaulted on all of the claims, either at trial or on direct appeal, except his ineffective assistance of appellate counsel claim, and he has not established cause and prejudice or actual innocence to excuse his default. See Murray v. Carrier, 477 U.S. 478, 494-496 (1986). As to Finch's claim of ineffective assistance of appellate counsel, we do not decide whether this claim is barred under these circumstances. Rather, we assume for purposes of this opinion that the claim is not barred, and we reject Finch's argument on the merits for the reasons stated by the district court. The arguments raised by Finch in his brief on appeal are rejected. The denial of this petition for habeas relief is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.